IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARIAN BARNETT-RICO, et al., | ) CASE NO. 1:17 CV 282 |
| Plaintiff, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| WAL-MART STORES EAST, LP, et al., | ) |
| Defendant. | ) MEMORANDUM OPINION |
| | ) <u>AND ORDER</u> |

This matter is before the Court on the Motion for Summary Judgment filed by Defendant, Wal-Mart Stores East, LP. (Docket #31.) On January 6, 2017, Plaintiffs, Marian Barnett-Rico and John Rico, filed their Complaint against Defendants in the Cuyahoga County Court of Common Pleas, Case No. 17CV000024, alleging Defendants' negligence resulted in her trip and fall at the Wal-Mart Store in Mentor, Ohio. On February 10, 2017, Defendants removed the case to this Court. On November 8, 2017, Wal-Mart filed a Third Party Complaint against Nate Johnson's Landscaping, Inc. (Docket #28)[1]

---

[1] Defendants originally filed a Third Party Complaint against Divisions, Inc., a snow removal service, but filed a Stipulation of Dismissal of Divisions on July 13, 2017. (Docket #20.)

I. **Factual Background.**[2]

On January 9, 2015, Plaintiff, Marian Barnett-Rico, tripped and fell at the Wal-Mart store located at 9303 Mentor Avenue. Ms. Barnett-Romano arrived at Wal-Mart, between 3:00 and 3:30 p.m., after a morning snow. Ms. Barnett-Rico testified during deposition that the parking lot had been plowed and treated "very well" and had a lot of water, but no ice. Ms. Barnett-Rico stated that although she had been to the store in the past and was familiar with the area in front of the store, the curb in front of the store entrance was hidden under a pile of shoveled or plowed snow that day, making it impossible to see a ramped area where the curb began to slope. Ms. Barnett-Rico testified that she incorrectly believed she was in the area with no curb and was attempting to step over or through the pile of snow when she tripped and fell on the hidden, sloped curb. Mr. Barnett-Rico suffered a complex fracture in her right wrist, as well as a hip fracture, and was unable to return to her work as a doctor for several months.

The Parties do not dispute that the parking lot was plowed that day. However, Wal-Mart argues that the snow pile, whether it accumulated as it fell from the sky or was formed as a result of shoveling and/or plowing (Wal-Mart states that it does not know which occurred in this case), was a natural accumulation of snow and an open and obvious condition, of which it had no duty to warn Ms. Barnett-Rico.

II. **Complaint/Motion for Summary Judgment.**

Plaintiffs' Complaint includes claims for Negligence (Count One) and Loss of

---

[2] The facts as stated in this Memorandum Opinion and Order are taken from the Parties' submissions. Those material facts that are controverted and supported by deposition testimony, affidavit, or other evidence are stated in the light most favorable to the non-moving Party.

Consortium (Count Two). On November 16, 2017, Wal-Mart filed its Motion for Summary Judgment. (Docket #31.) On November 8, 2017, Wal-Mart filed a Third Party Complaint against Nate Johnson's Landscaping, Inc. (Docket #28.) Plaintiffs filed their Response Brief on December 15, 2017. (Docket #33.) Wal-Mart filed a Reply Brief on December 27, 2017. (Docket 34.)

Nate Johnson's Landscaping entered an appearance on December 27, 2017 (Docket #35) and filed its Answer on February 20, 2018 (Docket #40), but has not otherwise participated in the case thus far.

### III. Summary Judgment Standard.

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. Ohio 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. Mich. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. Ky. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole

function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

IV. **Discussion.**

A business owner owes a duty to its invitees to maintain the premises in a "reasonably safe condition" and to warn of hidden or latent dangers. *McGuire v. Sears, Roebuck & Co.*, 118 Ohio App. 3d 494, 497, 693 N.E.2d 807 (Hamilton Cty. Sept. 25, 1996). However, a business owner owes no duty to warn invitees of open and obvious conditions. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St. 3d 79, 2003 Ohio 2573, 788 N.E.2d 1088 (2003). "Dangers from natural accumulations of ice and snow are ordinarily so obvious and apparent that an occupier of premises may reasonably expect that a business invitee on his premises will discover those dangers and protect himself against them." *Sidle v. Humphrey*, 13 Ohio St. 2d 45, 233 N.E.2d 589, at Paragraph 2 of Syllabus (1968).

Nevertheless, the "no duty" rule does not shield a business owner from liability when the business owner has actual and/or implied notice that the natural accumulation of ice and snow has created a substantially more dangerous condition than invitees should anticipate *or* is actively negligent in permitting or causing an unnatural accumulation of ice and snow. *Debie v. Chochran Pharmacy-Berwick, Inc.*, 11 Ohio St. 2d 38, 227 N.E.2d 603, at Paragraph 1 of

Syllabus (1967); *Lopatkovich v. Tiffin*, 28 Ohio St. 3d 204, 207, 503 N.E.2d 154 (1986). "A natural accumulation of snow is one that accumulates as a result of an act of nature or meteorological forces of nature." *Moore v. Kroger Co.*, 2010-Ohio-5721, Paragraph 10 (Franklin Cty. Court App. Nov. 23, 2010)(citing *Colletta v. Univ. of Akron*, 49 Ohio App. 3d 35, 37, 550 N.E.2d 510 (Franklin Cty. Aug. 25, 1988); *Porter v. Miller*, 13 Ohio App. 3d 93, 95, 468 N.E.2d 136 (Lucas Cty. Nov. 18, 1983)). "An 'unnatural accumulation' refers to causes and factors other than winter weather's low temperatures, strong winds, drifting snow, and natural thaw and freeze cycles." *Moore*, 2010-Ohio-5721, Paragraph 10 (citing *Mubarek v. Giant Eagle, Inc.*, 2004-Ohio-6011, 2004 Ohio App. LEXIS 5476, Paragraphs 18-19 (Cuyahoga Cty. Nov. 10, 2004). Salting, shoveling, or plowing does not necessarily transform a natural accumulation of snow into and unnatural accumulation without evidence of negligence. *Moore*, 2010-Ohio-5721, Paragraph 10 (citing *Community Ins. Co. v. McDonald's Restaurants of Ohio, Inc.*, Case Nos. 17051 and 17053, 1998 Ohio App. LEXIS 5878 ( Montgomery Cty. Dec. 11, 1998)). In order to show negligence, "a plaintiff must present evidence that the risk of injury was substantially increased from the risk normally associated with those conditions that create accumulations of ice and snow in the winter in Ohio." *Zamano v. Joseph D. Hammerschmidt*, 2003-Ohio-1618, 2003 Ohio App. LEXIS 1574 (Huron Cty. March 31, 2003).

The Parties do not dispute the fact that there was snow in front of Wal-Mart's entrance or that Ms. Barnett-Rico fell as she was trying to enter the store. However, genuine issues of material fact persist relative to whether the piled snow was shoveled and/or plowed negligently by Wal-Mart and/or Nate Johnson's Landscaping so as to conceal the sloping curb and whether the danger posed by the snow pile, if any, should have been anticipated by Ms. Barnett-Rico.

Accordingly, summary judgment is not appropriate under the facts and circumstances of this case.

V.  **Conclusion.**

For the foregoing reasons, Wal-Mart's Motion for Summary Judgment (Docket #31) is hereby DENIED.

A trial remains set for May 14, 2018 at 8:30 a.m. in Courtroom 15A.

                                        s/Donald C. Nugent
                                        DONALD C. NUGENT
                                        United States District Judge

DATED: April 20, 2018